**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| YULIYA BULANOV, individually and on behalf of all others similarly situated, | Civil Case Number: |
| | **CIVIL ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| | **AND** |
| -against- | **DEMAND FOR JURY TRIAL** |
| CAVALRY PORTFOLIO SERVICES, LLC, | |
| Defendants. | |

Plaintiff YULIYA BULANOV, (hereinafter, "Plaintiff"), a Washington resident, brings this class action complaint by and through the undersigned attorneys against Defendant CAVALRY PORTFOLIO SERVICES, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

---

1
Brubaker Law Group PLLC
11925 110th Ave NE
Kirkland, WA 98034
206-335-8746

COMPLAINT – CLASS ACTION

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of Washington consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

**PARTIES**

6. Plaintiff is a natural person and a resident of the State of Washington and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its registered agent CT Corporation System located at 111 Eighth Avenue, New York, NY 10011.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

**ALLEGATIONS OF FACT**

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to March 18, 2018, an obligation was allegedly incurred to CHASE BANK USA, N.A. (WAMU) (hereinafter referred to as Chase).

12. The Chase obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, medical, family or household purposes.

13. The alleged Chase obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. Chase is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. Some time prior to March 18, 2017, the Chase debt was assigned to or purchased by Cavalry SPV I, LLC.

16. On or about March 18, 2017, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged Chase debt. *See* **Exhibit A.**

17. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Upon information and belief, this was the first communication Plaintiff received from Defendant.

20. The Letter stated in part:

| | |
|---|---|
| Amount placed withCavalry: | $3658.34 |
| Interest Rate: | 00.00% |
| Principal Due: | $3658.34 |
| Interest Due: | $852.67 |
| Charges orFees | $714.00 |
| Outstanding Balance: | $5225.01 |

21. The Plaintiff, as would any least sophisticated consumer, read the attached letter and was left confused as to the actual amount owed.

22. Upon information and belief, there was no underlying agreement allowing Defendant to charge $852.67 in interest.

23. Upon information and belief, there was no underlying agreement allowing Defendant to charge $714.00 in "Charges or Fees".

24. The Plaintiff was harmed by being misrepresented as to the amount of the debt, by being subjected to abusive collection practices which Plaintiff had a substantive right to be free from, and by the Defendant attempting to add additional charges without providing an explanation of the charges in the Collection Letter.  Defendant further created the risk of harm that the Plaintiff would pay more money than she actually owed.  Defendant also deprived the Plaintiff of information that she was statutorily entitled to receive.

## **CLASS ALLEGATIONS**

25. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Classes") consisting of:

    Class A:   a) All consumers who have an address in the State of Washington b) who were sent a collection letter from the Defendant c) attempting to collect a Chase Bank debt d) that fails to clearly state the amount of the alleged debt e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    Class B:   a) all consumers with addresses in the state of Washington b) to whom Defendant, c) sent a collection letter in an attempt to collect a Chase Bank debt, d) which seeks payment arrangements to be made on a time barred debt, e) which fails to notify the consumer that by making a partial payment they may be restarting the statute of limitations, f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

26. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

27. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners,

managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

28. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

29. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

30. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any

questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

37. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

38. The Defendant violated said sections by:

- Falsely representing the amount, character, or legal status of the debt in violation of §1692e(2);

- The use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a debt in violation of §1692e(10).

39. Defendant further violated these provisions by failing to advise the Plaintiff that her debt

was barred by the Statute of Limitations and that she could not be sued on the debt.

40. Defendant further violated these provisions by seeking a partial payment or other monthly arrangement plan while failing to advise the Plaintiff that her debt was barred by the Statute of Limitations and that agreeing to make payments could revive all or a part of her debt.

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

44. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

45. More specifically, pursuant to 15 U.S.C. § 1692f (1) a debt collector may not attempt to collect an amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

46. The Defendants violated 15 U.S.C. § 1692f (1) by attempting to collect an amount that they

were not legally or contractually entitled to.

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. Pursuant to 15 U.S.C. § 1692g(a)(1), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing the amount of the debt.

51. The information required to be provided by 15 U.S.C. § 1692g must not only be provided, but it must be provided in a clear and effective manner that would be understood by the least sophisticated consumer.

52. The March 18, 2017 fails to set forth the amount of the Plaintiff's alleged debt in such a clear and concise manner.

53. By stating Amount placed with Cavalry: $3658.34, and Interest Rate:00.00%, along with a Principal Due of $3658.34, Interest Due of $852.67 and Charges or Fees of $714.00 for an Outstanding Balance of $5225.01, Defendant failed to clearly convey the amount of the

alleged debt.

54. Specifically, the Collection Letter provides a rate of interest of $0.00%, but then an interest charge of $852.67, the two of which are clearly inconsistent.

55. Furthermore, the Collection Letter merely references Charges or Fees of $714.00 without giving the Plaintiff the slightest clue as to what these charges or fees are.

56. The Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to clearly, concisely and unambiguously convey the amount of the Plaintiff's alleged debt.

57. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and the undersigned counsel as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 18, 2018         */s/ Michael Brubaker*_____
                              Michael C. Brubaker, Esq.
                              WSBA #49804
                              Brubaker Law Group PLLC
                              11925 110th Ave NE
                              Kirkland, WA 98034
                              206-335-8746

12
Brubaker Law Group PLLC
   11925 110th Ave NE
   Kirkland, WA 98034
      206-335-8746                                    COMPLAINT – CLASS ACTION